UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN VILLANUEVA,<br><br>        Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY,<br><br>        Defendant. | Case No. 15-cv-04828-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket Nos. 22, 27)** |

Plaintiff Benjamin Villanueva alleges that two employees of the Santa Clara County Department of Corrections threatened and assaulted Villanueva in August 2013 while he was in their custody, causing him serious injuries.[1]  This case, against Defendant County of Santa Clara, follows three similar state court suits against individual county employees, which Villanueva seeks to combine into one federal action.[2]  The County moves to dismiss because the statute of limitations has run on Villanueva's federal claims and the court has no subject matter jurisdiction over his remaining claims.[3]  Villanueva did not challenge this conclusion either in his opposition or at the hearing on this motion.[4]  The County's motion is GRANTED, but with leave to amend.[5]

---

[1] *See* Docket No. 9 at 1-2.

[2] *See id.* at 3.

[3] *See* Docket No. 22.

[4] *See* Docket No. 25-1.

[5] Villanueva also moves for an order relieving him from having to comply with Cal. Gov't Code § 945.4, which requires plaintiffs seeking money damages against public entities to first present their claims to that entity.  *See* Docket No. 27.  The motion is DENIED AS MOOT.

1

Case No. 15-cv-04828-PSG
ORDER GRANTING MOTION TO DISMISS

**I.**

The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[6]

**II.**

Villanueva, who proceeds pro se, asserts that this court has federal question jurisdiction.[7] However, all the causes of action he lists in his complaint arise under state law.[8] Nevertheless, "[a] document filed pro se is 'to be literally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[9] Accordingly, the court construes Villanueva's complaint to contain a claim under 42 U.S.C. § 1983 for excessive force in violation of his rights under the Fourth Amendment.

When determining the statute of limitations for claims under Section 1983, courts "look to the statute of limitations for personal injury actions in the forum state."[10] In California, that period is two years.[11] Villanueva's excessive force claim accrued on August 23, 2013, but he did not file this suit until October 20, 2015.[12] The statute of limitations has run on each of Villanueva's claims arising out of the alleged assault, both under federal and state law.[13] And none of his

---

[6] *See* Docket Nos. 10, 24.

[7] *See* Docket No. 7 at 4.

[8] *See id.* at 4-12.

[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[10] *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985).

[11] *See* Cal. Civ. Proc. Code § 335.1; *Maldonado*, 370 F.3d at 954-55.

[12] *See* Docket No. 1; Docket No. 7 at 1-2.

[13] Equitable tolling also does not apply. "Under California law, the law applicable to this case, three conditions must be met to toll the statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). The County was not a defendant

2
Case No. 15-cv-04828-PSG
ORDER GRANTING MOTION TO DISMISS

remaining claims raises a question of federal law, even if the court construes them as liberally as possible. The court has no federal question jurisdiction here and thus no supplemental jurisdiction over Villanueva's state law claims. Given these jurisdictional defects, the case may not proceed in this court.

### III.

Defendants' motion to dismiss is GRANTED. Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[14] Villanueva has had only one opportunity to amend his complaint, and the court cannot yet be certain that further amendment is futile. Leave to amend is GRANTED. Villanueva shall file any amended complaint within 21 days.

**SO ORDERED.**

Dated: January 19, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

in any of Villanueva's previous suits. To the extent that the County participated in defending the individual officers in Villanueva's state court cases, it also is prejudiced by having to litigate on two fronts. Villanueva has not met the requirements for tolling the statute of limitations.

[14] *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3
Case No. 15-cv-04828-PSG
ORDER GRANTING MOTION TO DISMISS